# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60681
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2018

Lyle W. Cayce
Clerk

ZHE ZHANG,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 116 570

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Zhe Zhang, a native and citizen of the People's Republic of China and proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his application for asylum and withholding of removal (his claim for relief under the Convention Against Torture was waived on his appeal to the BIA). He contends: the IJ's and BIA's adverse credibility determinations were not

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60681

supported by substantial evidence; and he corroborated his credible, consistent, and detailed testimony with sufficient documentary evidence.

Where, as here, the BIA adopts and affirms the IJ's decision, in addition to providing its own review of the evidence and the law, our court has authority to review both the BIA's and IJ's decisions. *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings, including credibility determinations, are reviewed for substantial evidence. *Id.* (citing *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994)). Under this highly deferential standard, our court will not reach a different result unless "the evidence was so compelling that no reasonable factfinder could conclude against it". *Id.* at 537 (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992)).

The IJ's and BIA's adverse credibility determinations are supported by substantial evidence, including, *inter alia*, inconsistencies in Zhang's application, *inter alia*, for asylum, his testimony and demeanor at the hearing on his application, his misstatements on his visa application regarding past arrests, and the implausibility of his assertion that he retained his government job and full salary despite his arrests and year-long detention at a labor camp. *E.g.*, *id.* at 537–40; *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Additionally, Zhang did not corroborate his claims with reasonably available evidence.

Because Zhang has not shown, under the totality of the circumstances, the evidence is so compelling that no reasonable factfinder could fail to find him credible, we defer to the IJ's and BIA's adverse credibility determinations. *E.g.*, *Wang*, 569 F.3d at 538–39. In the light of these adverse credibility determinations, Zhang has not shown the BIA erred in affirming denial of Zhang's application for asylum and withholding of removal. *E.g.*, *Dayo v.*

No. 16-60681

*Holder*, 687 F.3d 653, 657–59 (5th Cir. 2012); *Chun v. INS*, 40 F.3d 76, 78–79 (5th Cir. 1994).

DENIED.